UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALPHONSO DWAYNE MOBLEY,

    **Plaintiff,**

    v.                                      Case No. 2:20-cv-3037
                                                  Chief Judge Algenon L. Marbley
                                                  Magistrate Judge Chelsey M. Vascura

COLLEEN O'DONNEL, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Alphonso Dwayne Mobley, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendants, Franklin County Prosecutor Ron O'Brien and Franklin County Court of Common Pleas Judge Colleen O'Donnell, in which he appears to allege Defendants violated his constitutional right to due process. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 3.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that has only $15.06 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A734888) at Northeast Ohio Correctional Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

2

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

3

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

4

(6th Cir. 1989)).

## II.

Although his Complaint lacks clarity, it appears that Plaintiff seeks to advance due process and fraud claims against Defendants, Franklin County Prosecutor Ron O'Brien and Franklin County Common Pleas Court Judge Colleen O'Donnell, in connection with their respective roles in Plaintiff's 2017 entry of a guilty plea and subsequent sentencing. Plaintiff alleges, among other things, that Defendants conspired to deprive and did, in fact, deprive of him of several rights, including his rights to: "request appellate counsel"; "intelligent plea of guilty"; "notice of forfeiture of property"; and "a meaningful opportunity to be heard in regards to his Motion to Withdraw his guilty plea due to [Defendants'] breaches of contract . . . ." (Pl.'s Compl., ECF No. 1 at PAGEID ## 4-9.) In terms of relief, Plaintiff asks the Court to "[r]eturn the parties to the last uncontested Status Quo" or "[a]llow the parties to take proposed action that the court finds will minimize the irreparable injury." (*Id*. at PAGEID # 12.)

In May 2019, Plaintiff brought an action in state court, also asserting claims against these same Defendants (as well as the following three additional defendants: Franklin County Assistant Prosecuting Attorney Warren Edwards, former Franklin County Assistant Prosecuting Attorney Joseph Gibson, and Franklin County Assistant Public Defender Thomas Lininger) in connection with their respective roles in Plaintiff's 2017 entry of a guilty plea and subsequent sentencing. On February 11, 2020, the Ohio Tenth District Court of Appeals affirmed the trial court's dismissal of that action. *See Mobley v. O'Donnell*, No. 19AP-440, 2020-Ohio-469, 2020 WL 703690 (Oh. Ct. App. 10th Dist. Feb. 11, 2020).

A few weeks after Plaintiff's state-court action was dismissed, in March 2020, Plaintiff

5

sued these same Defendants in this Court, and again asserted claims against Defendants arising from their respective roles in Plaintiff's 2017 entry of a guilty plea and subsequent sentencing. *See Mobley v. O'Donnell*, No. 2:20-cv-1175 (S.D. Ohio 2020) ("The 1175 Case"). The Court dismissed all of the claims advanced against Defendants in The 1175 Case as barred by the doctrine of *res judicata*. (*See* The 1175 Case, ECF Nos. 4 and 9.)

### III.

Plaintiff's claims against Defendants in this action are barred by the doctrine of *res judicata*. As the undersigned explained in The 1175 Case:

> Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).
>
> In the instant action, Plaintiff simply reasserts the same claims, causes of action, and injuries arising out of the same facts that he alleged his state-court case. To the extent Plaintiff maintains that he has advanced a different claim or theory of relief in this case, such a claim would still be barred as it "should have been litigated in the prior action," *Kane*, 71 F.3d at 560. Thus, the undersigned concludes that the doctrine of *res judicata* operates to bar the claims Plaintiff asserts in this action.

As set forth above, this is the *third* action Plaintiff has brought against these Defendants asserting various claims against them based upon their respective roles in Plaintiff's 2017 entry of a guilty plea and subsequent sentencing. Because Plaintiff's claims in this case are barred by the doctrine of *res judicata*, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to § 1915(e).

6

In his Complaint, Plaintiff argues that application of the doctrine of *res judicata* would violate his due process rights because he "was ignorant of his rights and was unable to ascertain the claims of injury" in the state-court action. (Pl.'s Compl., ECF No. 1 at PAGEID # 12.) He cites two cases in support of this argument: *Ingram v. City of Columbus*, 185 F.3d 579 (6th Cir. 1999); and *Goodson v. McDonough Power Equipment, Inc.*, 2 Ohio St.3d 193 (1983). However, neither of these cases hold that a litigant's ignorance or incompetence permits that party to re-litigate the same claims against the same parties that would otherwise be barred by the doctrine of *res judicata*.

Moreover, the undersigned notes that Plaintiff's claims would be subject to dismissal even if they were not barred by the doctrine of *res judicata*. This is because Defendants—a judge and a prosecutor— are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune*); Imber v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutors immune for actions taken within the scope of duty); Mireles v. Waco, 502 U.S. 9, 11 (1991) (citations omitted) (immunity only overcome if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Notwithstanding Plaintiff's conclusory assertions to the contrary, his Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial and prosecutorial immunity apply to exempt the state-court judge and prosecutor he names as Defendants.

Finally, although the nature of the relief Plaintiff seeks is not clear, the undersigned advises that to the extent he ultimately seeks release from custody, he must file a habeas corpus petition. The scope of habeas corpus is prescribed by statute, specifically 28 U.S.C. § 2241. The United

7

States Supreme Court described the scope and nature of habeas corpus as follows: "It is clear, not only from the language of [§§ 2241(c)(3) and 2254(a)], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

## IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. (ECF No. 3.) In addition, for the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE