UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Alphonso-Dwayne Mobley,**

    **Plaintiff,**

    v.                                  Case No. 2:20-cv-3037

**Colleen O'Donnell,** *et al.***,**          **Judge Michael H. Watson**

    **Defendants.**                   **Magistrate Judge Vascura**

## OPINION AND ORDER

Plaintiff Alphonso Dwayne Mobley ("Plaintiff") sues Defendants Colleen O'Donnell and Ron O'Brien (together "Defendants"). Compl., ECF No. 1. On August 21, 2020, the Magistrate Judge entered an Order and Report and Recommendation ("R&R") granting Plaintiff's motion for leave to proceed in forma pauperis and recommending that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2). R&R, ECF No. 7. The Magistrate Judge found that Plaintiff's claims are barred by the doctrine of *res judicata*. *Id.* at 6. Specifically, the Magistrate Judge noted that "this is the *third* action Plaintiff has brought against these Defendants asserting various claims against them based upon their respective roles in Plaintiff's 2017 entry of a guilty plea and subsequent sentencing." *Id.* Plaintiff objected to the R&R on August 28, 2020, ECF No. 9.

The Court reviews *de novo* those specific portions of the R&R to which Plaintiff has objected. 28 U.S.C. § 636(b)(1)(C). The undersigned may accept,

reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

The Court has reviewed *de novo* Plaintiff's objections and finds no merit in them. Plaintiff contends that his claims are not barred by *res judicata* because his previous actions were for declaratory relief. Obj. 3–4, ECF No. 9. Plaintiff cites *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, which described certain circumstances under which a prior declaratory judgment action may not preclude future claims. 941 F.3d 828 (6th Cir. 2019). In that case, the Sixth Circuit stated:

> The traditional rules [of *res judicata*] apply a little differently to declaratory judgments. Claim preclusion generally does not apply to declaratory judgments. Otherwise, declaratory judgments would lose their teeth. "The whole point of a declaratory judgment action is to decide only a single issue in dispute, one that is often preliminary as subsequent events will need to occur before a traditional lawsuit can be pursued."

*Id.* at 835. But Plaintiff's earlier cases did not only bring claims for declaratory judgment. In one of Plaintiff's state court cases, in addition to a declaratory judgment, he "sought an injunction and monetary damages" based on alleged "defects in the indictment and errors in sentencing." *Mobley v. O'Donnell*, 2020-Ohio-469, ¶¶ 6–7 (10th App. Dist.). The requested injunctive relief would have placed Plaintiff "back in the position as before entering the [plea agreement] and pleading guilty." *Id.* at ¶ 7. Similarly, here, Plaintiff asks the Court for a "return[] to the last uncontested status quo between the parties." Compl. 3, ECF No. 1.

When, as here, a prior case "involves both a request for declaratory relief and one for coercive relief, [the Court is to] simply ignore the request for declaratory relief." *Indian Head*, 941 F.3d at 836.  If the coercive claims alone from the earlier case would preclude the later action, then it is precluded.  *Id.*  Such is the case here.  Plaintiff's claims are precluded.  His objections, ECF No. 9, are **OVERRULED**, and the R&R, ECF No. 7, is **ADOPTED AND AFFIRMED**.  This case is **DISMISSED WITH PREJUDICE**.

This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*.

The Clerk is **DIRECTED** to terminate this case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**